Michael Lee (ML 6353)
Lee Law PLLC
579 Fifth Avenue
14th Floor
New York, NY 10017
Telephone: (212) 621-8239
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OTTER PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BH ELECTRONICS OF NY, INC.; and<br>BAROUKH BARAKAT both doing business as<br>"BHONESTOPSHOP;" and "JOHN DOES" 1-5;<br><br>Defendants. | CASE NO.  XX-CV-XX<br><br><br>**COMPLAINT** |

Plaintiff Otter Products, LLC ("Otter Products") ("Plaintiff"), through its attorneys complaining of BH Electronics of NY, Inc.; and Baroukh Barakat, both doing business as "bhonestopshop;" and "John Does" 1-5 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

## STATEMENT OF THE CASE

1.      This is a suit by Plaintiff against Defendants for: (i) counterfeiting and infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) federal trademark dilution in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) unfair competition, false designation of origin, and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iv) unfair and deceptive business practices in violation of N.Y. Gen. Bus. L. § 349.

2.      This action concerns the distribution of large quantities of merchandise bearing

counterfeits and infringements of Plaintiff's federally registered trademarks in the United States. Defendants were sent a cease and desist letter and spoke with Plaintiff's counsel on several different occasions but have refused to stop selling their illegal product. Therefore, Defendants have willfully infringed Plaintiff's valuable trademarks, creating a strong likelihood of confusion among consumers who expect that merchandise bearing Plaintiff's trademarks will be genuine product by Plaintiff, and causing both monetary and other irreparable injury to Plaintiff.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

4.      Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District. Specifically, Defendants have sold infringing product in this District.

5.      Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1),(2), and (3).

## PARTIES

7.      Plaintiff Otter Products is a limited liability company duly organized and existing under the laws of the State of Colorado, and having its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.

8.      Upon information and belief, defendant BH Electronics of NY, Inc. is a New York corporation with its principal place of business located at 46 W. Fordham Road, Bronx, NY 10468.

9.      Upon information and belief, defendant Baroukh Barakat ("Barakat") is an

individual that resides at 2136 E. 9th Street, Brooklyn, NY 11223.

10.     The identities of "John Does" 1-5 are not currently known to Plaintiff. Upon information and belief, they are associated with Defendants and have contributed to Defendants' unlawful activities. Plaintiff will use its best efforts to identify these "John Does", and upon further knowledge and investigation, Plaintiff will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

### A.  Plaintiff's Famous Products and Trademarks

11.     Plaintiff Otter Products began with the entrepreneurial vision of its founder, Curt Richardson. An injection molder by trade, Richardson designed the first "OtterBox" in 1995. The first OtterBox was a durable waterproof box used to keep electronics dry while participating in water sports such as diving or surfing. However, through iterative design changes, what started as a waterproof box evolved into a line of functional, durable, and award-winning personal electronics cases. Today, Otter Products' OtterBox® cases stand as one of the best-selling brands of mobile phone and tablet cases worldwide, with cases for a broad variety personal electronics.

12.     Since its inception, Otter Products has marked its brand's products (OtterBox®) with trademarks that have come to symbolize its profound company heritage, entrepreneurial spirit, and superior craftsmanship. This reputation started with the design of the first OtterBox® in 1995, and has since expanded into a robust global marketplace. From its prescient inception to its product's establishment as household names, Plaintiff has expended great amounts of time, money, and effort advertising and promoting its trademarks globally, including throughout the United States and in this District. As a result of these investments and their widespread success, Plaintiff has developed considerable goodwill and reputation for the highest quality products. Plaintiff has continuously used its trademarks to distinguish its OtterBox® products,

as well as uphold its reputation.

13.     Plaintiff is the owner of various trademarks registered with the United States

Patent and Trademark Office ("USPTO"). Such trademarks include, but are not limited to the

following, among others:

| Trademark | USPTO Registration Number | Registration Date | Goods |
|---|---|---|---|
| OTTER BOX | 2287619 | 10/19/1999 | IC 028. US 022 023 038 050. G & S: non-metal, water-tight containers for outdoors recreational use. |
| OTTER BOX | 3788535 | 05/11/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| OTTERBOX | 4509483 | 04/08/2014 | IC 042. US 100 101. G & S: Providing a website featuring news and commentary in the field of mobile technology. |
| OTTERBOX | 4602221 | 09/09/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers. |
| DEFENDER SERIES | 4616874 | 10/07/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for personal electronic devices, namely, cell phones. |
| DEFENDER SERIES | 3623789 | 05/19/2009 | IC 009. US 021 023 026 036 038. G & S: Protective cases for interactive, handheld electronic devices, namely, portable music players, portable video players and tablet computers. |

| | | | |
|---|---|---|---|
|  | 3791318 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
|  | 4293603 | 02/19/2013 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| COMMUTER | 3791317 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| COMMUTER SERIES | 3963182 | 05/17/2011 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, multifunctional mobile phones, portable music players, portable video players and computers. |

(hereinafter collectively referred to as the "Otter Products Registered Trademarks").

14.     The Otter Products Registered Trademarks are valid, in full force and effect, protectable and exclusively owned by Plaintiff. Plaintiff has continuously used the Otter Products Registered Trademarks during all time periods relevant to Plaintiff's claims. As a result, the Otter Products Registered Trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

15.     The Otter Products Registered Trademarks have been used regularly in interstate commerce, including within this District, to identify and distinguish Plaintiff's high-quality

merchandise including, but not limited to, dirt resistant mobile phone cases, dirt resistant tablet cases, shock resistant mobile phone cases, shock resistant tablet cases, drop resistant mobile phone cases, drop resistant tablet cases, mobile phone accessories, tablet accessories, and other goods.

16.     Due to the overwhelming amount of resources exhausted by Plaintiff in order to create, protect, enforce, and promote the Otter Products Registered Trademarks, the Otter Products Registered Trademarks have achieved secondary meaning as identifiers of high-quality merchandise including, but not limited to, dirt resistant mobile phone cases, dirt resistant tablet cases, shock resistant mobile phone cases, shock resistant tablet cases, drop resistant mobile phone cases, drop resistant tablet cases, mobile phone accessories, tablet accessories, and other goods.

17.     The Otter Products Registered Trademarks are recognized around the world and throughout the United States by consumers as signifying authentic, high-quality OtterBox® products. As such, the Otter Products Registered Trademarks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1) and achieved such fame prior to Defendants' conduct that is the subject of this Complaint.

**B.  Defendants' Illegal Activities**

18.     Upon information and belief, Defendants are offering for sale, selling, and using in interstate commerce merchandise bearing counterfeits and infringements of the Otter Products Registered Trademarks (the "Infringing Products").

19.     Despite having notice of their illegal activities, Defendants continued to offer for sale and sell a large amount of Infringing Products. Defendants are willful infringers of the Otter Products Registered Trademarks causing irreparable harm to Plaintiff and the unsuspecting public who are being defrauded into purchasing such illegal merchandise.

20.    Defendants have been offering for sale and selling a large amount of Infringing Product on the www.eBay.com website ("eBay") using the "bhonestopshop" eBay seller username, causing Plaintiff to investigate such activities.

21.    On or about February 14, 2020, an agent for Plaintiff made a purchase from the "bhonestopshop" eBay seller user of an "OtterBox" cellphone case ("First Purchase").

22.    Subsequently, Plaintiff reviewed the First Purchase and confirmed that the First Purchase was not authentic OtterBox merchandise and did, in fact, bear counterfeits and infringements of the Otter Products Registered Trademarks.

23.    On or about February 25, 2020, Plaintiff sent defendant Barakat a cease and desist letter via email to bhelectronicsny@yahoo.com (an email address associated with the "bhonestopshop" eBay seller as provided by eBay), putting him on specific notice of his illegal activities, demanding that he immediately cease the sale of any infringing Otter Products merchandise and comply with further demands.

24.    On or about March 20, 2020, Plaintiff's attorney communicated with Barakat by telephone. At this time, Barakat transferred the phone over to his associate, an individual who identified himself as "Nathan." Plaintiff's attorney proceeded to explain the situation to "Nathan," to which "Nathan" said he would need to gather more information and would telephone back Plaintiff's counsel. Plaintiff's counsel did not hear back from "Nathan" or Barakat.

25.    On or about April 3, 2020, Plaintiff's attorney sent a follow-up email to the bhelectronicsny@yahoo.com but did not receive a response.

26.    On or about May 5, 2020, Plaintiff's attorney attempted to contact Barakat and/or "Nathan" once again by telephone. An unidentified individual answered the phone and said that "Nathan" was unavailable. Plaintiff's attorney provided this individual with their

contact information. Neither Barakat, "Nathan", nor the unidentified individual ever contacted Plaintiff or its attorney further.

27.     Despite the February 14 letter from Plaintiff and ongoing communications with Plaintiff's attorney about the illegal activity, Defendants' infringement of the Otter Products Registered Trademarks continued.

28.     Sometime after these communications with Defendants, Plaintiff received complaints from customers that Defendants were still selling fake Otter Products merchandise bearing the Otter Products Registered Trademarks, causing Plaintiff to investigate such activities.

29.     Plaintiff then discovered that the eBay "bhonestopshop" seller was continuing to offer for sale and sell large amounts of Infringing Products.

30.     On or about June 16, 2020, Plaintiff made another purchase from the "bhonestopshop" eBay seller of an "OtterBox" cellphone case ("Second Purchase").

31.     Subsequently, Plaintiff reviewed the Second Purchase and confirmed that the Second Purchase was not authentic OtterBox merchandise and did, in fact, bear counterfeits and infringements of the Otter Products Registered Trademarks.

32.     On or about June 22, 2020, after receiving confirmation from Plaintiff that the "bhonestopshop" eBay seller had sold at least 7,329 cases and that the Second Purchase was also counterfeit, Plaintiff's attorney called Barakat once again.

33.     During this call, Barakat claimed that he was not the "boss" behind this operation, despite his contact information being associated with the "bhonestopshop" eBay account. Barakat alleged that "Nathan" was in charge, but refused to provide further information on how to identify or contact "Nathan". Barakat claimed he would reach out to Plaintiff's attorney with further information but failed to do so.

34.     The PayPal receipts, confirming the purchase of both the First Purchase and Second Purchase from the eBay "bhonestopshop" seller, state the vendor as "BH Electronics of NY." Further investigation confirmed that BH Electronics of NY, Inc. is an official New York corporation located at 46 W. Fordham Road, Bronx, NY 10468. This address is associated with a Boost Mobile retail store.

35.     Furthermore, the return address on the shipping packages for both the First Purchase and Second Purchase is 46 W. Fordham Road, Bronx, NY 10468. This address directly connects the corporate defendant and Barakat.

36.     Defendants were on full notice that their actions were illegal but continued to infringe the Otter Products Registered Trademarks. Defendants' infringement is clearly willful.

37.     Defendants' offer for sale and actual sale of the Infringing Products in the United States constitutes an illegal use in commerce of the Otter Products Registered Trademarks in connection with the sale, offering for sale, or distribution of the Infringing Products.

38.     The Infringing Products offered for sale and sold by Defendants were not manufactured, authorized, or sponsored by Plaintiff. Thus, consumers will be confused and disappointed by the differences between the Infringing Products distributed by Defendants and the genuine Plaintiff merchandise manufactured and sold by Plaintiff or its affiliates.

39.     As a result of Defendants' actions, Plaintiff is losing profits from lost sales of genuine product, is suffering a loss of enormous goodwill created in its Otter Products Registered Trademarks, and will continue to suffer such loss if Defendants are allowed to continue their illegal activity.

40.     Upon information and belief, Defendants have knowingly and willfully engaged in their illicit activities in direct violation of Plaintiff's rights and/or have shown a blatant disregard for the same. For these reasons, this qualifies as an exceptional case under 15 U.S.C.

§ 1117(a).

41.      Plaintiff has suffered irreparable injury as a direct and proximate result of Defendants' wrongful distribution of the Infringing Products.

42.      Plaintiff has no adequate remedy at law.

43.      Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Plaintiff's well-established rights in and to the Otter Products Registered Trademarks.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

44.      Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 43.

45.      Defendants have knowingly, intentionally, and without the consent of Plaintiff used in commerce reproductions, counterfeits, and/or copies of the Otter Products Registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Otter Products Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Plaintiff despite the fact that it is not.

46.      Defendants' use of the counterfeit marks was willful and done with the knowledge that the marks are counterfeit, and as such, Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.      Defendants' acts constitute use in commerce of the Otter Products Registered Trademarks.

48.      For the aforementioned reasons, Plaintiff is entitled to: (a) damages for all of

Defendants' profits derived from their unlawful conduct and/or Plaintiff's lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

49.     Plaintiff has no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. §1114)

50.     Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 43.

51.     Defendants have knowingly, intentionally, and without the consent of Plaintiff used in commerce reproductions, counterfeits, and/or copies of the Otter Products Registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Otter Products Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Plaintiff despite the fact that it is not.

52.     Defendants' use of the infringing marks was willful and done with the knowledge that the marks are infringing, and as such, Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     Defendants' acts constitute use in commerce of the Otter Products Registered

Trademarks.

54.     For the aforementioned reasons, Plaintiff is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiff's lost profits from sales of genuine goods due to Defendants' conduct to the full extent provided under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

55.     Plaintiff has no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))

56.     Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 43.

57.     Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Otter Products Registered Trademarks constitutes use in commerce of false designations of origin and false and misleading descriptions and representations that Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Plaintiff despite the fact that it is not. As a result of Defendants' unauthorized use of the Otter Products Registered Trademarks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' counterfeit merchandise.

58.     Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Otter Products Registered Trademarks constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of Plaintiff.

59.     Defendants' conduct is willful, intended to reap the benefit of Plaintiff's established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of Plaintiff.

60.     Defendants' acts entitle Plaintiff to damages for all of Defendants' profits derived from their past unlawful conduct and/or for all of Plaintiff's lost profits from lost sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

61.     Plaintiff has no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution, 15 U.S.C. § 1125(c))

62.     Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 43.

63.     Defendants' use of the Otter Products Registered Trademarks or marks confusingly similar thereto in order to sell their products constitutes Defendants' commercial use in commerce of the Otter Products Registered Trademarks.

64.     The Otter Products Registered Trademarks are world famous and distinctive. They achieved such status long prior to Defendants' activities complained of herein.

65.     Defendants' use of the Otter Products Registered Trademarks on the Internet to advertise unauthorized merchandise constitutes tarnishment of the Otter Products Registered Trademarks.

66.     Plaintiff is suffering and will continue to suffer irreparable harm from

Defendants' dilutive activities.

67.     Defendants' acts as aforesaid are diluting the distinctive quality of the Otter Products Registered Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68.     Defendants have intentionally and willfully appropriated the Otter Products Registered Trademarks and traded on Plaintiff's reputations.

69.     Defendants' wrongful acts of dilution will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
### (Unfair and Deceptive Business Practices, N.Y. Gen. Bus. L. § 349)

70.     Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 43.

71.     The wrongful conduct of Defendants, including but not limited to, the distribution of Infringing Products and making false statements, in order to conceal its illegal activity constitutes materially misleading and deceptive trade practices under New York General Business Law § 349.

72.     This wrongful conduct was consumer-oriented within the meaning of Section 349, as it is the intent of Defendants to distribute Counterfeit Product into the marketplace and therefore harm the general consuming public.

73.     Because of this deceptive conduct, Plaintiff has been and will continue to be damaged both monetarily and in ways impossible to remedy through monetary judgment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court order the following relief:

I.     That the Court enter an injunction ordering that Defendants, their agents,

servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

a)   using any counterfeit or infringement of the Otter Products Registered Trademarks to identify any goods not authorized by Plaintiff;

b)   counterfeiting or infringing the Otter Products Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Otter Products Registered Trademarks;

c)   using any simulation, reproduction, counterfeit, or copy of the Otter Products Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

d)   making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Plaintiff;

e)   engaging in any other conduct constituting an infringement of the Otter Products Registered Trademarks, of Plaintiff's rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiff's names, reputations, and goodwill.

II.       That Defendants be required to deliver to Plaintiff for destruction all unauthorized materials bearing any of the Otter Products Registered Trademarks in association with unauthorized goods and the means for production of same pursuant to 15 U.S.C. § 1118.

III.      Requiring Defendants to pay to Plaintiff such damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiff's lost profits from sales of genuine goods due to Defendants' infringement, counterfeiting, false designation of origin, unfair competition trebled to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

IV.      Ordering that Defendants compensate Plaintiff for the costs of this action,

reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

V.      Plaintiff be awarded their actual damages and attorneys' fees pursuant to  N.Y. Gen. Bus. L. § 349.

VI.     Defendants be required to pay pre-judgment interest on all damages and profits awards.

VII.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII.   Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful, and fraudulent injury to Plaintiff.

IX.     Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Plaintiff has incurred in connection with this action.


                                        **LEE LAW PLLC**

Dated: June 25, 2020

                                        Michael Lee (ML6353)
                                        Lee Law PLLC
                                        579 Fifth Avenue
                                        14th Floor
                                        New York, NY 10017
                                        Telephone: (212) 621-8239


                                        *Attorneys for Plaintiff*